# United States District Court
# Northern District of Indiana

| | |
|---|---|
| DENNIS KNIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:09-CV-292 JVB |
| v. | ) |
| | ) |
| STEVEN HURNI, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Dennis Knight, a *pro se* prisoner, submitted a complaint under both 42 U.S.C. § 1983 and Indiana tort law. He also filed a motion to amend seeking to clarify the amount of monetary damages he is seeking. Pursuant to FED. R. CIV. P. 15(a), the motion to amend will be granted, but because the claim does not state a claim for which federal relief can be granted, the federal claims will be dismissed with prejudice and the State law claims will be dismissed without prejudice.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "In order to state a claim under § 1983 a plaintiff must allege: (1) that

defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Knight alleges that he was the victim of a cruel prank. He alleges that at lunch on September 23, 2008, after he refused to sit down, a correctional officer took his identification badge. That evening, Sgt. Steven Hurni called his dorm and told a correctional officer that Knight was being released on probation and that St. Joseph County authorities would be picking him up at 4:00 o'clock the next the morning. When informed, Knight protested that this must be a mistake because he was not close to his release date. The correctional officer then called Officer Walter Sablack who confirmed the report. Officer Sablack then came to the dorm and told Knight that "this was no game" and that he "needed to be packed and ready to go . . .." DE 1 at 7. In one last effort to confirm Knight's release, Sgt. Hurni was called back; again he verified the story. The next morning, shortly before 4:00 o'clock, Officer Sablack escorted Knight from his dorm to Post 2 where Sgt. Hurni and Officer Robert Dobrowolski were waiting. Then Knight was asked for his identification badge.

> Plaintiff then told Sgt. Hurni that he did not have his I.D. badge because Lt. Cain confiscated his I.D. badge on September 23, 2008, during lunch. Officer Dobrowolski then stated to plaintiff that Saint Joseph County had just radioed that they will be arriving in about twenty (20) minutes and if you could not produce your I.D. badge you can not leave. The defendants began to laugh and make jokes about plaintiff. Plaintiff became upset and stressed-out. The defendants then stated to plaintiff, "they were only playing a joke, that Saint Joseph County was not coming for you, and that the joke was on you." Plaintiff was escorted back to dorm 7, where he unpacked his belongings.

DE 1 at 7-8.

If true, these allegations are more than a sophomoric trick, they are mental harassment. Such treatment not only undermines good order within the prison, it is counter-productive to the rehabilitative goals of the Department of Correction. Nevertheless, "simple verbal harassment does

2

not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000).

> Any harassment of a prisoner increases his punishment in a practical sense, . . . [b]ut harassment, while regrettable, is not what comes to mind when one thinks of "cruel and unusual" punishment. Nor does it inflict injury comparable in gravity to failing to provide a prisoner with adequate medical care or with reasonable protection against the violence of other prisoners. The line between "mere" harassment and "cruel and unusual punishment" is fuzzy, but we think the incident . . . falls on the harassment side of the line because it was not a credible threat to kill, or to inflict any other physical injury. The case falls well short of *Burton v. Livingston*, 791 F.2d 97, 100-01 (8th Cir. 1986), where a prisoner alleged that a guard pointed a gun at him, cocked it, called him "nigger," and repeatedly threatened to shoot him, or *Irving v. Dormire*, 519 F.3d [443,] 449-50 [(8th Cir. 2008)], where a prisoner alleged that a guard had threatened to kill him, repeatedly offered a bounty to any prisoner who would assault him, and gave a prisoner a razor blade with which to assault him.

*Dobbey v. Ill. Dep't of Correction*, 574 F.3d 443, 446 (7th Cir. 2009). Though Knight states that he suffered a mild heart attack at breakfast later that day which required that he be taken to the prison infirmary and that he requested to be seen by a mental health clinician because of the stress caused by this incident, the childish behavior of these correctional officers did not violate the Eighth Amendment and is not actionable under § 1983. Therefore the federal law claims will be dismissed with prejudice.

Because Knight does not state a claim on his federal cause of action, the court will not retain supplemental jurisdiction over his state law claims which will be dismissed without prejudice so that he can pursue them in State court.

For the foregoing reasons, the Court:

(1) **GRANTS** the motion to amend (DE 7);

(2) **DISMISSES WITH PREJUDICE**, the federal claims pursuant to 28 U.S.C. § 1915A; and

3

(3) **DISMISSES WITHOUT PREJUDICE** the State law claims because the court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

**SO ORDERED** on November 9, 2009.

                                          Joseph S. Van Bokkelen
                                          Joseph S. Van Bokkelen
                                          United State District Judge
                                          Hammond Division